IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONETTA DOUGLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-95-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Jonetta Douglas, appearing *pro se*, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

### **Background**

This is an appeal from the decision of the Commissioner of Social Security Administration denying the claim of Jonetta Douglas ("Plaintiff") on behalf of her minor son, J.D., for supplemental security income ("SSI"). Plaintiff filed an application, on behalf of J.D., alleging developmental delays. After Plaintiff's application for SSI benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on August 9, 2011. *See* Administrative Record [Dkt. No. 17] ("Tr.") at 29. At the time of the hearing, J.D. was five years old and was a preschooler. J.D. has not engaged in substantial gainful activity since the application date of November 23, 2010. *See id.* at 14.

The ALJ found that J.D. was not disabled and therefore not entitled to SSI benefits. Although the evidence established that J.D. suffered from language development delay, the ALJ concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. *See* Dkt. No. 17 at 14. In making this determination, the ALJ found that J.D. did not have two "marked" limitations or one "extreme" limitation in any area of functioning and therefore was not disabled under the Act for the relevant time period. *See id.* at 18-23.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff did not file a brief specifying the basis of her objections to the ALJ's findings but did submit a significant amount of evidence, primarily in the form of school and medical records. *See* Dkt. Nos. 23, 27, & 29. Defendant contends that the ALJ's decision was proper and supported by the evidence of record.

The Court determines that the hearing decision is affirmed in all respects.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). To be entitled to social security benefits, a plaintiff must prove that he is disabled for purposes of the Social Security Act. *See Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir.1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988).

Under the Social Security Act, a child under the age of eighteen years is considered disabled if he has a medically determinable impairment "which results in marked and severe functional limitations" and which can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner utilizes a sequential, three-step inquiry to determine whether a claimant under the age of eighteen years is disabled. Those steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
> 3. An individual who "meets, equals, or functionally equals a listed impairment in Appendix 1" of the regulations will be considered disabled.

20 C.F.R. § 416.924(a). If the child's impairment does not medically meet a listed impairment in Appendix 1, the ALJ will still, pursuant to 20 C.F.R. § 416.924(a)-(d), perform a "functional equivalence" analysis in which it considers whether the applicant's impairment results in a "marked" limitation in two, or an "extreme" limitation in one, of the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects (or "motor skills domain"); (5) caring for oneself; and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1), (d); *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 778 (5th Cir. 2012). The burden lies with the claimant to prove his disability. *See* 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner's determination is afforded great deference. *See Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the

decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994); 42 U.S.C.A. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

**Judicial Review of Section 405(g) Appeals Brought by *Pro Se* Plaintiffs**

That Plaintiff is *pro se* in her appeal of the ALJ's decision imposes an additional layer of consideration for the Court. As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex. 2005). More often than not, *pro se* litigants in Section

405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F. Supp. 2d at 753. But several universal principles factor logically into that equation. Courts must construe *pro se* pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the Court follows courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* However, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process. In the instant case, the Court elects to examine the decision to the same extent as the Court believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id.* In following this approach, the Court will engage in three critical inquiries:

>1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?
>
>2. Were the Commissioner's critical fact findings made in compliance with applicable law?
>
>3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

## Analysis

In his decision, the ALJ found that J.D. had not been under a disability within the meaning of the Social Security Act since November 23, 2010, the date his application was filed. *See* Tr. at 11. In making this determination, the ALJ stated that he considered all of the relevant evidence, including relevant, objective medical evidence; information from other sources, such as school teachers, family members, or friends; Plaintiff's statements; and any other relevant information in the case record. *Id.* at 14. Finding that J.D.'s impairment did not medically meet a listed impairment in Appendix 1, *see id.* at 14, the ALJ performed a "functional equivalence" analysis and found no "marked" or "extreme" limitations in the six relevant domains, *see id.* at 18-23.

In light of Plaintiff's *pro se* status and lack of briefing, the Court examined the evidence submitted by Plaintiff and the ALJ's decision and determined, as experienced counsel would, that Plaintiff likely contends that (1) the Appeals Council erred in not considering her additional evidence and the case should be remanded for consideration of new evidence; (2) the ALJ erred in failing to find that J.D. has a severe impairment of ADHD; and (3) the ALJ's assessment of J.D.'s lack of disability is not supported by

substantial evidence and results from reversible legal error. Defendant responds that the evidence supports a finding that J.D. does not meet the listing requirements for ADHD. *See* Dkt. No. 28 at 5. Defendant further argues that the ALJ's detailed examination of the six relevant domains and his finding of no marked or extreme limitations in the six relevant domains is supported by a thoughtful consideration of the entire record and was proper. *See id.* at 6-9.

The Court will now consider the arguments raised.

1. <u>Plaintiff's new evidence does not affect the ALJ's decision.</u>

Plaintiff submitted new medical records in lieu of an actual appellate brief. Some, if not all, of these documents appear to have been submitted to the Appeals Council, *see* Tr. at 6, but the Appeals Council found the information did not provide a basis for changing the ALJ's decision, *see id.* at 4. This Court agrees.

It is not clear from Plaintiff's submission whether she is arguing that the Appeals Council failed to consider new and material evidence of J.D.'s disability or that the case should be remanded for consideration of new evidence. As experienced counsel would do, the Court will examine both arguments.

Under Fifth Circuit precedent, "evidence submitted for the first time to the Appeals Council is part of the record on appeal." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Therefore, when a claimant such as Plaintiff submits new evidence and the Appeals Council denies review after considering the evidence, "the Commissioner's final decision necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Id.* at 336 (internal

quotation marks and citations omitted). The Appeals Council is not required to provide a detailed analysis of, or otherwise explain the weight to be given to, new evidence. *See id.* at 335 n. 1. Remand is warranted only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported. *See Higginbotham v. Barnhart*, 163 F. App'x 279, 281–82 (5th Cir. 2006).

As discussed in more detail below, the Court does not find that the new evidence meets this standard. It is not from the relevant time frame nor does it discuss or relate back to the relevant time frame.

To the extent that Plaintiff contends that the case should be remanded due to the discovery of new evidence, the Court is not persuaded. The Court's review of social security appeals is "wholly appellate," and the consideration of new evidence in the first instance is prohibited. *Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987) (citing *Bradley v. Bowen*, 809 F.2d 1054 (5th Cir. 1987)). Upon the discovery of new evidence, sentence six of 42 U.S.C. § 405(g) authorizes district courts to remand a case back to the Commissioner for further proceedings, if plaintiff makes an appropriate showing that such a measure is warranted:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

42 U.S.C. § 405(g). The United States Court of Appeals for the Fifth Circuit has explained that "evidence, not in existence at the time of the administrative ... proceedings, meets the 'new' requirement for remand" pursuant to sentence six of §

405(g). *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). A court may remand the case so long as the new evidence is material and good cause has been shown for why the evidence was not submitted into the record in prior proceedings. *See Taylor ex rel. I.C.T. v. Comm'r*, No. 3:11-cv-1015-K (BF), 2012 WL 2794972, at *6 (N.D. Tex June 8, 2012). To be material, "there must be a reasonable possibility that the new evidence would have changed the outcome of the determination." *Id.* (citing *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987)) (additional citations omitted); *see also Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). "Implicit in the materiality requirement ... 'is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985) (quoting *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)). Evidence acquired after a decision to deny benefits is not automatically irrelevant – such evidence may be used to determine the severity of a condition as it previously existed or to identify the onset date of slowly progressive impairments. *See Sadler v. Colvin*, No. 4;12-cv-447-Y, 2013 WL 5314033, at *8 (N.D. Tex. Sept. 20, 2013). But, the evidence must relate to the relevant time period for which benefits were denied to be considered for those purposes. *See id.* In addition to demonstrating that the evidence is material, a claimant must also demonstrate good cause by providing a proper explanation concerning why the new evidence was not submitted earlier. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) (citation omitted).

Here, Plaintiff offered no explanation as to why this new evidence is material. And, as Defendant points out, none of Plaintiff's submissions are from the relevant time frame. *See* Dkt. No. 28 at 3-4. The relevant time frame is from the alleged onset date – December 19, 2005 – through the date of the ALJ's decision – August 24, 2011. Plaintiff's submissions all contain records from after the relevant time frame. *See* Dkt. Nos. 23 at 2-40; 23-1 at 1-40; 23-2 at 1-40; 23-3 at 1-40; 23-4 at 1-28; 27 at 1-9; & 29 at 1-66. A review of the records does not indicate that they relate to J.D.'s condition as it existed before the date of the ALJ's decision. Thus, the most that these records demonstrate is a decline or worsening in J.D.'s condition, which is evidence of a later-acquired disability or a subsequent deterioration of a nondisabling condition and is not material. *See Johnson*, 767 F.2d at 183.

Accordingly, the Court will not consider these records in determining whether the ALJ's decision is supported by substantial evidence and will not reverse and remand the case based on a failure to consider these records.

2. The ALJ properly found that J.D.'s alleged ADHD did not rise to the level of a severe impairment.

It appears that the ALJ found that J.D.'s alleged ADHD was not a severe impairment. Although Plaintiff does not directly challenge the finding, the Court has reviewed the record and finds substantial evidence to support the ALJ's conclusion. No doctor or other medical record detailing a diagnosis of ADHD was submitted, and Plaintiff stated that, at the time of the hearing, J.D. had not been diagnosed with

ADHD nor had he been on medication for the condition, *see* Tr. at 35. Thus, this Court finds no error in the ALJ's analysis.

And, because the ALJ continued with the sequential analysis and considered J.D.'s alleged ADHD when assessing his overall limitations, *see* Tr. at 15-17, any error would have been harmless, *see Jordan ex rel. M.E.J. v. Colvin*, No. 8:12-cv-1450, 2013 WL 6506566, at *5 (N.D.N.Y. Dec. 12, 2013); *see also Herrera v. Astrue*, 406 F. App'x 899, 903 (5th Cir. 2010) (declining to remand where "case did not turn on a finding that [plaintiff's] impairments were not severe at step two"); *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (holding ALJ's failure to make a severity finding at step two not a basis for remand where ALJ proceeded to later steps of the analysis); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam) ("[I]f the ALJ proceeds past the impairment step in the sequential evaluation process the court must infer that a severe impairment was found."). This argument provides no ground for reversal.

3. Substantial evidence supports the ALJ's functional equivalence analysis and <u>finding of no disability.</u>

The Court's final inquiry is whether substantial evidence supports the ALJ's findings with respect to the six domains of functioning, as this is what J.D.'s disability claim ultimately turns on. The Court finds that substantial evidence does support the ALJ's findings.

The ALJ first reviewed all of the records and then applied his findings to each of the six domains. He found less than marked limitations in the first three domains – acquiring and using information; attending and completing tasks; and interacting

and relating with others – but found no limitations in the last three domains – moving about and manipulating objections; caring for oneself; and health and physical well-being. *See* Tr. at 18-23. As there did not seem to be any allegations that J.D. suffered from limitations in the last three domains, and the evidence does not seem to suggest any limitations in those domains, *see id.* at 133, 152, 153, the Court will only evaluate whether substantial evidence supports the ALJ's findings concerning the first three domains.

The evidence of record supports the ALJ's findings. Admittedly, the record contains references to J.D.'s developmental delays, *see id.* at 134, 154, 194, 214, and a note of a provisional finding of ADHD, *see id.* at 194. But, the explanations of, and references to, J.D.'s excellent progress, *see id.* at 205, 212, improved social skills, *see id.* at 206, 215, cooperation and best effort attempts, *see id.* at 191-195, hard work, *see id.* at 213, potential for increased change with therapy, *see id.* at 134, as well as the activities he participated in – school five days per week, riding his bike, playing Wii, *see id.* at 133, support the ALJ's decision. This is especially true in light of the fact that J.D. has never had a formal diagnosis of ADHD and, at the time of his hearing, was not on any behavioral medication for it. *See id.* at 35.

Concluding that the ALJ's findings were not supported by substantial evidence would only be appropriate if no credible evidentiary choices or medical findings supported his decision. *See Simeon ex rel. D.M.B. v. Astrue*, No. A-09-CA-756, 2010 WL 2160834, at *4 (W.D. Tex. May 25, 2010) (citing *Johnson v. Bowen*, 864 F.2d 340, 343-

44 (5th Cir. 1988)). Here, credible evidence to that effect exists, as detailed above, and, as such, the decision will not be reversed on these grounds.

## Conclusion

Having considered the above arguments and the record of evidence, the hearing decision is affirmed in all respects.

DATED: March 18, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-13-